UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLEN EARHART, ET AL.                              CIVIL ACTION

VERSUS

GARRISON PROPERTY AND                              NO. 22-01050-BAJ-EWD
CASUALTY COMPANY, ET AL.

RULING AND ORDER

This is an insurance dispute arising out of a multi-vehicle collision involving an 18-wheeler on Interstate-10 in Baton Rouge, Louisiana. (Doc 1-2 at ¶ 6). Before the Court is Defendant Indemnity Insurance Company of America ("IICNA"), Defendant Mohave Transportation Insurance Company ("Mohave"), Defendant Transtar Brokers, Inc. ("Transtar"), and Defendant EMA Risk Services, LLC's ("EMA") **Motion For Summary Judgment (Doc. 65)**. In their Motion, Defendants ask the Court to dismiss them as parties from this case, with prejudice. Defendants claim that they are either improperly named as Defendants, or that they have already discharged all duties owed under the relevant insurance policy. The Motion is unopposed. For the following reasons, Defendants' Motion will be **GRANTED**.

I. BACKGROUND

Plaintiffs filed suit on September 1, 2022, in the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana. (Doc. 1). Defendants removed this case to the Court on December 22, 2022. (*Id.*). Plaintiffs Ellen and Keith Earhart brought this action on behalf of themselves and their minor children (collectively, the "Plaintiffs") to recover for damages allegedly suffered in a vehicle collision.

The following facts are uncontested. Plaintiff Ellen Earhart was driving her personal vehicle with her minor children as passengers. (Doc. 1-3 at ¶ 5). The family was traveling east on I-10 in West Baton Rouge, Louisiana. (*Id.*) Due to standstill traffic caused by evacuations for Hurricane Ida, Plaintiff Ellen Earhart stopped her vehicle. (*Id.* at ¶ 7). While stopped, Plaintiffs' vehicle was struck from behind by numerous cars that were rear-ended by an 18-wheeler, causing a multi-vehicle accident. (*Id.* at ¶ 8). Plaintiffs allege numerous injuries resulting from the accident. (*See Id.* at ¶¶ 10–14).

Plaintiffs filed this suit against IICNA, Truckers Nationwide, Inc., Transtar, EMA, Expediters & Transport Solutions, LLC ("Expediters"), Mohave, Ace American Insurance Company, Jack Duff, III, Garrison Property and Casualty Insurance Company, and Penske Truck Leasing Corporation to recover for alleged damages caused by the collision.[1] (*See Id.*)

IICNA insured the 18-wheeler involved in the accident under insurance policy number MMT H25549090 (the "Policy"). (Doc. 65-8 at ¶ 1). The Policy is subject to a liability limit of $1,000,000. (*Id.*) Following the accident, IICNA paid the entirety of the Policy limit to Plaintiffs. (*Id.* at ¶ 2).

EMA is a third-party claims administrator which did not, and never has, issued policies of insurance. (*Id.* at ¶ 3). Mohave is also a claims administrator, and it did not issue any policy of insurance relative to this dispute. (*Id.* at ¶ 4). Transtar is an insurance broker that likewise does not issue policies of insurance, and did not issue

---

[1] In their Amended Notice of Removal, Defendants notified the Court that Defendant Penske Truck Leasing Corporation was dismissed from this action with prejudice in the state court. (Doc. 12-15).

2

any policies applicable to this case. (*Id.* at ¶ 5).

Defendants IICNA, Mohave, Transtar, and EMA now move for summary judgment. (Doc. 65). Movants emphasize that they repeatedly asked Plaintiffs to voluntarily dismiss them from the case, but Plaintiffs failed to do so. (Doc. 65-1 at 3). Plaintiffs also failed to oppose Defendants' Motion. Accordingly, and for the following reasons, Defendants' Motion will be **GRANTED.**

## II.    LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56

3

does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of [Defendant's] Motion, and therefore, the Court could grant [Defendant's] Motion for Summary Judgment on this basis alone.").

### III. DISCUSSION

IICNA, Mohave, EMA, and Transtar move for summary judgment, arguing that they are either improperly named as Defendants, or that they have already discharged all duties owed under the relevant insurance policy. The Court addresses each Defendant in turn.

#### a. IICNA

In their Complaint, Plaintiffs allege that IICNA issued insurance policies to Expediters, and to now-dismissed Defendant Penske Truck Leasing Corporation.[2] (Doc. 1-3 at ¶ 21). IICNA does not dispute this allegation. IICNA, however, claims that it has already discharged all duties and obligations owed under the Policy, and that nothing additional is owed. (Doc. 65-1 at 4). Plaintiffs do not dispute that IICNA has discharged all duties and obligations owed under the Policy.

---

[2] Because the state court dismissed Penske from the above-captioned matter, with prejudice, the Court will only address the Policy issued to Defendant Expediters & Transport Solutions, LLC (the "Policy").

Along with the Motion, IICNA provided the Court with a payment confirmation indicating that IICNA paid $1,000,000 to Plaintiffs under the Policy. (*See* Doc. 65-4). IICNA also provided Policy excerpts indicating that the Policy limit was $1,000,000 and that nothing else is owed to Plaintiffs. (*See* Doc. 65-3; Doc. 65-5). Absent any evidence to the contrary, and without any Opposition from Plaintiffs, IICNA appears to have discharged its duties under the Policy.[3]

It is axiomatic that a policy of insurance is the law between the parties and establishes the limits of liability under the contract. *Davis v. Counts*, 38,815 (La. App. 2d Cir. 8/18/04); 880 So. 2d 968, 970. The United States District Court for the Eastern District of Louisiana has held that an insurer that has already paid the entirety of its policy limit ought to be dismissed from a lawsuit: "[Defendant] has paid the full limits of its liability, its policy is exhausted and it has no further obligation under the [. . .] Policy. Plaintiffs' direct-action claims against [Defendant] should therefore be dismissed with prejudice." *LeBlanc v. Texas Brine Co., LLC*, No. CV 12-2059; 2018 WL 11414934, at *1 (E.D. La. Oct. 16, 2018). Here, IICNA has provided the Court with uncontroverted evidence showing that it has paid the entirety of the Policy limit and that it owes no additional duties under the Policy. The Court will therefore **GRANT** Defendants' Motion for Summary Judgment as to Defendant IINCA and dismiss IINCA from the above-captioned matter.

### b. Mohave

In their Complaint, Plaintiffs allege that Mohave "provided coverage for the

---

[3] The Court is perplexed as to why Plaintiffs, who refused to file a Joint Voluntary Dismissal as to IICNA, would fail to oppose the instant Motion.

damages claimed." (Doc. 1-3 at ¶ 21). Defendants contend that they are unaware of which theory of liability Plaintiffs allege against Mohave. (Doc. 65-1 at 5). Defendants claim Mohave did not issue any policy of insurance relevant to this lawsuit. (Doc. 65-2 at ¶ 8). Defendants further claim that Mohave was not involved in the procurement of insurance relevant to this suit and that it did not act as a principal or agent in obtaining the freight carrier in this case. (*See* Doc. 65-6). Defendants further claim that there is no legal basis upon which Mohave should remain a party to this suit, and that Plaintiffs have failed to show otherwise. (Doc. 65-1 at 5–6).

In *Schneider v. State Farm Fire and Casualty Company*, the Eastern District of Louisiana granted defendant's motion to dismiss and dismissed it from the case on the grounds that defendant did not issue any policy of insurance applicable to the dispute. *Schneider* No. CV 23-5918; 2024 WL 3553586, at *2 (E.D. La. July 26, 2024). The court emphasized that the fact that a company other than defendant issued the applicable insurance policy "doom[ed]" plaintiff's claims against defendant. Defendants argue that the same result should be reached here. (Doc. 65-1 at 6). The Court, having received no evidence from Plaintiffs establishing Mohave's connection to this dispute, agrees. The Court will therefore **GRANT** Defendants' Motion for Summary Judgment as to Defendant Mohave and dismiss Mohave from the above-captioned matter.

   c. **EMA and Transtar**

In their Complaint, Plaintiffs allege that EMA and Transtar were negligent in their failure to supervise Expediters, the employer of the alleged driver of the

eighteen-wheeler at the time of the accident. (Doc. 1-3 at ¶ 20). Transtar and EMA claim that they cannot be subject to liability because they are insurance brokers that owe no duty or obligation to Plaintiffs. (Doc. 65-7 at 14–15). Transtar and EMA do not issue insurance policies and do not have a business relationship with Expediters, and thus, have no duty to supervise Expediters. (*Id.* at 17).

The United States District Court for the Western District of Louisiana has granted summary judgment in favor of a similar third-party administrator that never issued an insurance policy, and in favor of an insurance broker on the ground that the defendant was a "broker and not an insurer." *IFG Port Holdings, LLC v. Underwriters at Lloyds*, No. 2:19-cv-00835, 2021 WL 3500412, at *1 (W.D. La. Aug. 9, 2021); *Deshotel v. Unifirst Corporation*, No. CV 6:17-1508, 2018 WL 6036586, at *1 (W.D. La. Nov. 16, 2018).

Absent any contradictory evidence from Plaintiffs, it is clear, through Defendants' representations, sworn affidavits, and Policy documents, that EMA and Transtar have issued no insurance policy relevant to this action and have no business relationship with Defendant Expediters. (*See* Doc. 65-2; Doc. 65-8). The Court will therefore **GRANT** Defendants' Motion for Summary Judgment as to Defendants EMA and Transtar and dismiss EMA and Transtar from the above-captioned matter.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants IICNA, Mohave, EMA, and Transtar's **Motion For Summary Judgment (Doc. 65)** be and is hereby **GRANTED**.

7

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants IICNA, EMA, Mohave, and Transtar be and are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that **Doc. 60** be and is hereby **TERMINATED AS MOOT**.[4]

**COUNSEL IS HEREBY PLACED ON NOTICE** that the Court will issue an order to show cause as to why sanctions, including an order directing the payment of a portion of Defense Counsel's fees and costs, should not be imposed against Plaintiffs' counsel for failing to reply to Defendants' request for a voluntary dismissal, and for failing to reply to the instant Motion.

Baton Rouge, Louisiana, this 30th day of June, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[4] On January 27, 2025, Defendants IICNA, Mohave, EMA, and Transtar filed an identical Motion For Summary Judgment raising the same arguments as the instant Motion. (*See* Doc. 60).