## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ELLEN EARHART, ET AL.                                    CIVIL ACTION

VERSUS

GARRISON PROPERTY AND                          NO. 22-01050-BAJ-EWD
CASUALTY COMPANY, ET AL.

## RULING AND ORDER

This is an insurance dispute arising out of a multi-vehicle collision involving an 18-wheeler on Interstate-10 in Baton Rouge, Louisiana. (Doc 1-2 at ¶ 6). Before the Court is Defendant ACE American Insurance Company's ("ACE") **Motion For Summary Judgment (Doc. 58)**. In its Motion, ACE asks the Court to dismiss it as a party from this case, with prejudice. (*Id.*) ACE claims that its insured, Penske Truck Leasing Corporation, was dismissed from this action in state court with prejudice, thus extinguishing any claims Plaintiffs may have against it. (*See* Doc. 58-1). The Motion is opposed. (68). ACE filed a timely Reply in support of its Motion. (Doc. 69). For the following reasons, Defendant ACE American Insurance Company's Motion will be **GRANTED**.

## I.  BACKGROUND

Plaintiffs filed suit on September 1, 2022, in the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana. (Doc. 1). Defendants removed this case to this Court on December 22, 2022. (*Id.*). Plaintiffs Ellen and Keith Earhart brought this action on behalf of themselves and their minor children (collectively, the "Plaintiffs") to recover for damages allegedly suffered in a vehicle collision. (*Id.*)

The following facts are uncontested. Plaintiff Ellen Earhart was driving her personal vehicle with her minor children as passengers. (Doc. 1-3 at ¶ 5). The family was traveling east on I-10 in West Baton Rouge, Louisiana. (*Id.*) Due to standstill traffic caused by evacuations for Hurricane Ida, Plaintiff Ellen Earhart stopped her vehicle. (*Id.* at ¶ 7). While stopped, Plaintiffs' vehicle was struck from behind by numerous cars that were rear-ended by an 18-wheeler, causing a multi-vehicle accident. (*Id.* at ¶ 8). Penske Truck Leasing Corporation owned the 18-wheeler that was leased by Defendant Expediters & Transport Solutions. (*Id.* at ¶ 6). Defendant Jack Duff, III was an employee of Expediters & Transport Solutions and was operating the truck at the time of the collision. (*Id.*) Plaintiffs allege numerous injuries resulting from the accident. (*See Id.* at ¶¶ 10–14).

Plaintiffs filed this suit in state court against Indemnity Insurance Company of North America ("IICNA"), Truckers Nationwide, Inc., Transtar Insurance Brokers ("Transtar"), Inc., EMA Risk Services ("EMA"), LLC, Expediters & Transport Solutions, LLC, Mohave Transportation Insurance Company ("Mohave"), Ace American Insurance Company ("ACE"), Jack Duff, III, Garrison Property and Casualty Insurance Company, and Penske Truck Leasing Corporation to recover for alleged damages caused by the collision. (*See Id.*) In their Amended Notice of Removal, Defendants notified the Court that Defendant Penske Truck Leasing Corporation was dismissed from this action with prejudice in the state court proceedings. (Doc. 12-15).

Defendants IICNA, Mohave, Transtar, and EMA were dismissed from the

above-captioned action, with prejudice, by the Court in its June 30, 2025 Ruling.

(*See* Doc. 81). ACE now moves for summary judgment on the basis that its insured,

Penske Truck Leasing Corporation, was dismissed with prejudice from this action in

the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana.

(*See* Doc. 58-1 at 4). For the reasons below, ACE's Motion will be **GRANTED**.

## II.    LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine"

if the evidence is such that a reasonable jury could return a verdict in favor of the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When

ruling on motions for summary judgment, courts are required to view all inferences

drawn from the factual record in the light most favorable to the nonmoving party.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman*

*v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more

than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to

go beyond the pleadings and by her own affidavits, or by the depositions, answers to

interrogatories, and admissions on file, designate specific facts showing that there is

a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402

(5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56

does not impose upon the district court a duty to sift through the record in search of

evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of [Defendant's] Motion, and therefore, the Court could grant [Defendant's] Motion for Summary Judgment on this basis alone.").

## III.   DISCUSSION

ACE moves for summary judgment, arguing that its insured, Penske Truck Leasing Corporation, has been dismissed from this action with prejudice, and that any remaining defendants are not subject to an ACE policy of insurance. (*See* Docs. 58-1, 69). In their Opposition, for the first time, Plaintiffs claim that Defendant Jack Duff and his employer, Expediters & Transport Solutions, are considered insured under the ACE policy as "permissive users".[1] (*See* Doc. 68 at 7). ACE disputes this claim, arguing that Plaintiffs have failed to establish that either Jack Duff or his employer are insureds under the ACE policy through permissive-user status. (Doc. 69 at 5).

### a.  Penske Truck Leasing Corporation, ACE's Insured, Was Dismissed, With Prejudice, From This Action At The State Court Level.

In their Amended Notice of Removal, Defendants notified the Court that state

---

[1] "Any person operating a covered 'auto' with permission from you, any of your 'employees' or agents." (Doc. 58-4 at 36).

court Defendant Penske Truck Leasing Corporation was dismissed from this action with prejudice in state court. (*See* Doc. 12-15; Doc. 14). In its Motion, ACE argues that, pursuant to the Louisiana Direct Action Statute, once the insured is dismissed from a lawsuit, a plaintiff can no longer maintain a suit against an insurer except under the limited circumstances articulated in Louisiana Revised Statute § 22:1269(B)(1). *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). Plaintiffs respond that a 2024 Amendment to the Louisiana Direct Action Statute (the "2024 Amendment"), limiting the circumstances under which a plaintiff can recover directly against a defendant's insurer, cannot be applied to this case because the 2024 Amendment substantially limits the theories under which Plaintiffs could recover in a direct action claim, thus divesting them of a substantive right to recovery. (Doc. 68 at 3). Under the relevant portion of the 2024 Amendment, a plaintiff may bring a suit against the insurer alone only when:

(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;

(b) The insured is insolvent;

(c) Service of citation or other process cannot be made on the insured;

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;

(e) When the insurer is an uninsured motorist carrier, or

(f) The insured is deceased.

La.Rev.Stat. Ann. § 22:1269(B)(1). Plaintiffs argue that substantive changes made to the Louisiana Direct Action Statute may only be applied prospectively, not retroactively and that because this case was filed in 2022, the 2024 Amendment cannot be applied to this case. (Doc. 68 at 2–3.)

In its Reply, ACE notes that it is not solely relying on the 2024 Amendment of the Louisiana Direct Action Statute. (Doc. 69 at 8). Instead, ACE argues that it relies on the language of the Louisiana Direct Action statute prior to the 2024 Amendment, and that Plaintiffs' retroactivity argument is therefore mooted. (*Id.* at 8). ACE further claims that this has long been its position, citing to the parties' March 30, 2023 Joint Status Report, in which ACE states: "ACE is the alleged liability insurer of Penske Leasing who was dismissed with prejudice at the state court level. Because ACE's insured was dismissed at the state court level there is no viable cause of action against ACE as any claim pursuant to the direct action statute has now been extinguished." (Doc. 17 at ¶ 4).

Dismissal of all claims against ACE's insured, with prejudice, converts any claims Plaintiffs may have against it to a direct action claim. As Louisiana courts have held, "when the trial court granted a dismissal of [the Insurer's] named insured [. . .] the claim against [the Insurer] became a direct action against [it] under La. R.S. 22:655(B)." *White v. State Farm Ins. Co.*, 2003-0754 (La. App. 4 Cir. 11/26/03), 862 So. 2d 263, 265. Although Plaintiffs argue that, prior to the 2024 Amendment of the Louisiana Direct Action Statute, they would have been able to maintain a direct action claim against ACE, Plaintiffs fail to point to any version of the Louisiana Direct

6

Action Statute that would have allowed them to do so. (*See* Doc. 68 at 4). In their

Reply, Plaintiffs cite to a Louisiana Supreme Court case in which that court stated

that "substantive limiting changes to the Direct Action statute—*none of which are at*

*issue in this case*—can only be applied prospectively." *Blow v. OneBeacon America*

*Ins.*, 193 So.3d 244, 254 (La. 2016) (emphasis added). Despite this citation, Plaintiffs

have failed to identify *any* previous version of the Louisiana Direct Action statute

that allowed a Plaintiff to maintain a claim against an insurer when its insured had

been dismissed from the action, with prejudice. The Court therefore concludes that

Plaintiffs' argument regarding retroactivity of the Louisiana Direct Action Statute

fails, and that Plaintiffs cannot defeat ACE's Motion on these grounds.

### b. The Alleged Tortfeasor Jack Duff, III And His Employer Expediters & Transport Solutions Are Not Considered Insured's Under the ACE Policy.

In their Opposition, Plaintiffs claim, for the first time, that Jack Duff, the

driver of the truck that caused the multi-car pileup, and his employer, Expediters &

Transport Solutions should be considered insured under ACE's Insurance policy.

(Doc. 68 at 7). In its Reply, ACE highlights that Plaintiffs have never alleged this

theory of recovery, nor conducted any discovery on whether Duff or his employer are

insureds under its insurance policy. (Doc. 69 at 8). Further, ACE argues that there is

no evidence that either Duff or his employer have ever been served, nor any indication

that Plaintiffs have made any effort to involve Duff or his employer. (Doc. 69 at 8–9).[2]

Plaintiffs may not defeat summary judgment on the basis of a theory found

---

[2] The Court notes that Expediters & Transport Solutions and its employee, Jack Duff, III, have not entered appearances in this case.

7

nowhere in their complaint, at least without also moving to amend or absent trial by consent. *Johnson v. Thibodaux City*, 887 F.3d 726, 736 (5th Cir. 2018). The U.S. Court of Appeals for the Fifth Circuit Court of Appeals additionally held a "[c]laim which is not raised in [the] complaint, but rather is raised only in response to [a] motion for summary judgment, is not properly before court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Even if the Court were to consider Plaintiffs' argument that Duff and Expediters are insured under Ace's policy, Plaintiffs have cited to no factual basis to support their assertion. Plaintiffs' Statement of Undisputed Facts pertaining to Duff and his employer cites only to the pleadings, asserting the legal conclusion that Duff and/or his employer are insured under the ACE policy. (*See* Doc. 67 at ¶ 5). The Federal Rules of Civil Procedure preclude a nonmoving party from resting on its pleadings to avoid summary judgment. Fed. R. Civ. P. 56(e).

Having found no jurisprudential or factual support for the contention that Jack Duff or his employer, Expediters Transport Solutions, are insureds under the ACE policy, the Court concludes that Plaintiffs cannot defeat ACE's Motion on these grounds.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant ACE American Insurance Company's **Motion For Summary Judgment (Doc. 58)** be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant ACE

8

American Insurance Company be and are hereby dismissed with prejudice.

Baton Rouge, Louisiana, this 21ˢᵗ day of August, 2025

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**